UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Saibo Sidibeh,<br>Moukhamede Fall,<br>Mamady Danfakha,<br>Alhasana Hydara,<br>Mamadou Diallo,<br>Demba Diakite,<br>Mohammed Sabaly,<br>Bangaly Doumbia, and<br>Abubackr Danso,<br><br>                    *Defendants.* | **Protective Order**<br><br>**20 Cr. 473 (VM)**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 10/13/2020 |

      Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

      1. **Confidential Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Confidential" by the

Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

2. Confidential Material may be disclosed by counsel to:

    (a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    (b) Prospective witnesses for purposes of defending this action.

3. The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

4. This Order does not prevent the disclosure of any Confidential Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

5. Except for Confidential Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material, including the seized ESI Confidential Material, within 30 days of the expiration of the period for

direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

6. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

7. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

8. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____          Date:  ____9/28/20_____
   Andrew A. Rohrbach
   Assistant United States Attorney

[*signature blocks continued on next page*]

3

*Ariel Werner*                                              Date:   10/6/2020
Ariel Werner
Counsel for Saibo Sidibeh

_____                    Date:   _____
Jeremy Schneider
Counsel for Moukhamede Fall

_____                    Date:   _____
James Kilduff
Counsel for Mamady Danfakha

_____                    Date:   _____
Donald Yanella
Counsel for Alhasana Hydara

_____                    Date:   _____
Evans Prieston
Counsel for Mamadou Diallo

_____                    Date:   _____
Lee Koch
Counsel for Demba Diakite

_____                    Date:   _____
Dawn Florio
Counsel for Mohammed Sabaly

_____                    Date:   _____
John Burke
Counsel for Bangaly Doumbia

[*signature blocks continued on next page*]

_____   Date: _____
Ariel Werner
Counsel for Saibo Sidibeh

_____   Date: 9/28/20
Jeremy Schneider
Counsel for Moukhamede Fall

_____   Date: _____
James Kilduff
Counsel for Mamady Danfakha

_____   Date: _____
Donald Yanella
Counsel for Alhasana Hydara

_____   Date: _____
Evans Prieston
Counsel for Mamadou Diallo

_____   Date: _____
Lee Koch
Counsel for Demba Diakite

_____   Date: _____
Dawn Florio
Counsel for Mohammed Sabaly

_____   Date: _____
John Burke
Counsel for Bangaly Doumbia

[signature blocks continued on next page]

4

_____     Date: _____
Ariel Werner
Counsel for Saibo Sidibeh

_____     Date: _____
Jeremy Schneider
Counsel for Moukhamede Fall

*/s/ James Kilduff*                Date: __10/7/2020__
James Kilduff
Counsel for Mamady Danfakha

_____     Date: _____
Donald Yanella
Counsel for Alhasana Hydara

_____     Date: _____
Evans Prieston
Counsel for Mamadou Diallo

_____     Date: _____
Lee Koch
Counsel for Demba Diakite

_____     Date: _____
Dawn Florio
Counsel for Mohammed Sabaly

_____     Date: _____
John Burke
Counsel for Bangaly Doumbia

*[signature blocks continued on next page]*

4

_____  Date: _____
Ariel Werner
Counsel for Saibo Sidibeh

_____  Date: _____
Jeremy Schneider
Counsel for Moukhamede Fall

_____  Date: _____
James Kilduff
Counsel for Mamady Danfakha

*Donald Yannella*
_____  Date: 10/8/2020
Donald Yanella
Counsel for Alhasana Hydara

_____  Date: _____
Evans Prieston
Counsel for Mamadou Diallo

_____  Date: _____
Lee Koch
Counsel for Demba Diakite

_____  Date: _____
Dawn Florio
Counsel for Mohammed Sabaly

_____  Date: _____
John Burke
Counsel for Bangaly Doumbia

[*signature blocks continued on next page*]

4

_____        Date: _____
Ariel Werner
Counsel for Saibo Sidibeh

_____        Date: _____
Jeremy Schneider
Counsel for Moukhamede Fall

_____        Date: _____
James Kilduff
Counsel for Mamady Danfakha

_____        Date: _____
Donald Yanella
Counsel for Alhasana Hydara

*[signature]*                          Date: 9-28-2020
Evans Prieston
Counsel for Mamadou Diallo

_____        Date: _____
Lee Koch
Counsel for Demba Diakite

_____        Date: _____
Dawn Florio
Counsel for Mohammed Sabaly

_____        Date: _____
John Burke
Counsel for Bangaly Doumbia

[*signature blocks continued on next page*]

4

_____  Date: _____
Ariel Werner
Counsel for Saibo Sidibeh

_____  Date: _____
Jeremy Schneider
Counsel for Moukhamede Fall

_____  Date: _____
James Kilduff
Counsel for Mamady Danfakha

_____  Date: _____
Donald Yanella
Counsel for Alhasana Hydara

_____  Date: _____
Evans Prieston
Counsel for Mamadou Diallo

*Lee Koch* (DocuSigned)  Date: 9/30/2020
Lee Koch
Counsel for Demba Diakite

_____  Date: _____
Dawn Florio
Counsel for Mohammed Sabaly

_____  Date: _____
John Burke
Counsel for Bangaly Doumbia

[*signature blocks continued on next page*]

DocuSign Envelope ID: 7476AC44-E171-400E-8756-080BF435C02F
Case 1:20-cr-00473-VM   Document 75   Filed 10/13/20   Page 9 of 12

_____  Date: _____
Ariel Werner
Counsel for Saibo Sidibeh

_____  Date: _____
Jeremy Schneider
Counsel for Moukhamede Fall

_____  Date: _____
James Kilduff
Counsel for Mamady Danfakha

_____  Date: _____
Donald Yanella
Counsel for Alhasana Hydara

_____  Date: _____
Evans Prieston
Counsel for Mamadou Diallo

_____  Date: _____
Lee Koch
Counsel for Demba Diakite

_/s/ Dawn M. Florio_____  Date: 10/7/2020
Dawn Florio
Counsel for Mohammed Sabaly

_____  Date: _____
John Burke
Counsel for Bangaly Doumbia

[*signature blocks continued on next page*]

_____  Date: _____
Ariel Werner
Counsel for Saibo Sidibeh

_____  Date: _____
Jeremy Schneider
Counsel for Moukhamede Fall

_____  Date: _____
James Kilduff
Counsel for Mamady Danfakha

_____  Date: _____
Donald Yanella
Counsel for Alhasana Hydara

_____  Date: _____
Evans Prieston
Counsel for Mamadou Diallo

_____  Date: _____
Lee Koch
Counsel for Demba Diakite

_____  Date: _____
Dawn Florio
Counsel for Mohammed Sabaly

*[signed]*  Date: 10/7/20
John Burke
Counsel for Bangaly Doumbia

[*signature blocks continued on next page*]

4

_Richard Palma_   Date: _September 28, 2020_
Richard Palma
Counsel for Abubackr Danso

SO ORDERED:

Dated: New York, New York
October ~~September~~ 13, 2020

_____
Victor Marrero
U.S.D.J.

5